# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

Patrick K Gibson,

        Plaintiff,

v.

Washington State Department of Corrections et al.,

        Defendants.

CASE NO. C17-5187 RBL-DWC

ORDER ON SEVERAL MOTIONS

Plaintiff Patrick K. Gibson, proceeding *pro se* and *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983. Presently pending before the Court are Plaintiff's: (1) Motion for Extension of Time to file Reply to Defendants' Motion to Dismiss ("Motion for Extension," Dkt. 7) and (2) Motion to Amend Complaint ("Motion to Amend") and Motion to Withdraw Motion for Extension ("Motion to Withdraw"). Dkt. 9.[1] The Court grants both Motions.

---

[1] Also pending is Defendants' Motion to Dismiss (Dkt. 5) which will be addressed in a separately filed report and recommendation.

ORDER ON SEVERAL MOTIONS - 1

1. Motion for Extension (Dkt. 7) and Motion to Withdraw (Dkt. 9)

Defendants filed their Motion to Dismiss on March 21, 2017. Dkt. 5. On March 26, 2017, Plaintiff filed a Motion for Extension to file a response to Defendants' Motion to Dismiss. Dkt. 7. On April 3, 2017, Plaintiff filed a Motion to Withdraw his Motion for Extension. Dkt. 9. The Court grants Plaintiff's Motion to Withdraw (Dkt. 9). Plaintiff's Motion for Extension (Dkt. 7) is withdrawn.

2. Motion to Amend Complaint (Dkt. 9)

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Defendants filed a Motion to Dismiss (Dkt. 5) – a responsive pleading -- on March 21, 2017. Dkt. 5. Plaintiff filed his Motion to Amend on April 3, 2017, which was less than 21 days after the Motion to Dismiss (Dkt. 5) was filed. Therefore, Plaintiff has the right to amend his Complaint as a matter of course pursuant to Rule 15(a)(1)(B).

In their Response to Plaintiff's Motion to Amend, Defendants argue Plaintiff would be given leave to amend under Defendants' Motion to Dismiss and thus, Plaintiff's Motion to Amend should be denied as moot. Dkt. 11 at 3-4. Defendants also appear to argue because Plaintiff did not file a proposed amended complaint within the 21-day deadline, the Motion to Amend should be denied. Dkt. 11.

Defendants are correct, Plaintiff has not attached a proposed amended complaint to his Motion to Amend. *See* Dkt. 9. In his Motion to Amend, Plaintiff attempts to amend the named

Defendants and supplement his factual allegations. *See* Dkt. 9 at 2-15. Plaintiff is required to have filed a proposed Amended Complaint within the 21-day deadline. Nevertheless, the Court finds because Plaintiff filed his Motion to Amend prior to the 21-day deadline, Plaintiff's Motion to Amend (Dkt. 9) is granted.

To amend his Complaint, Plaintiff must file an amended complaint on the form provided by the Court on or before June 5, 2017. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Complaint by reference. The amended complaint will act as a complete substitute for the Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The Court also advises Plaintiff, "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1182 (9th Cir. 2007) (concluding that allegations that school officials knew of alleged violation and failed to take corrective action were sufficient to state a claim); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Thus, within the amended complaint, Plaintiff must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

If Plaintiff fails to file an amended complaint by June 5, 2017, the Court will proceed on Plaintiff's Original Complaint. The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.

Dated this 5th day of May, 2017.

David W. Christel
United States Magistrate Judge