UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK K GIBSON,

        Plaintiff,

   v.

G. STEVEN HAMMOND, DALE FETROE, EDITH KROHA,

        Defendants.

CASE NO. 3:17-CV-05187-RBL-DWC

ORDER DENYING MOTION

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Patrick K. Gibson's "Motion for Injunctive Order Against Defendant Edith Kroha and Representative Counsel Daniel Judge" ("Motion"). Dkt. 21. In the Motion, Plaintiff requests the Court compel non-perjured discovery responses. *Id*. Plaintiff also asks that the Court refer the matter of whether Defendant Kroha committed perjury in her interrogatory responses to the United States Attorney for the Western District of Washington. *Id*. As Plaintiff is requesting the Court compel different discovery responses, the Court interprets the Motion as a motion to compel, not a motion for injunctive relief.

After review of the Motion and relevant record, the Court concludes Plaintiff failed to comply with Rule 37. Further, the Court declines to refer this matter to the United States Attorney for the Western District of Washington. Accordingly, the Motion (Dkt. 21) is denied.

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See also* Dkt. 17; LCR 37(a)(1). Additionally, the Mandatory Pretrial Discovery and Scheduling Order Pursuant to Amended General Order 09-16, entered on June 6, 2017, states:

> A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If unable to resolve their differences, the party filing the discovery motion must, either within the motion to compel or in a separate affidavit attached to the motion to compel, list the date, manner, and participants to the conference. If the moving party fails to include such a certification, the court may deny the motion without addressing the merits of the dispute.

Dkt. 17, p. 4.

Here, Plaintiff is moving for a Court order compelling Defendant Kroha to amend her interrogatory answers because he believes the answers are incorrect. *See* Dkt. 21, 23. Plaintiff, however, failed to certify he conferred or attempted to confer with Defendants' counsel regarding the discovery dispute. *See id*. While Plaintiff sent letters to Defendants' counsel regarding the interrogatory response in question, Plaintiff did not indicate he was attempting to confer with counsel regarding any dispute. *See* Dkt. 21, pp. 18-19. Further, Plaintiff has not certified that a telephonic or in-person conference occurred or was requested. *See* Dkt. 21, 23. Therefore, Plaintiff has not complied with Rule 37 or the Mandatory Pretrial Discovery and Scheduling Order Pursuant to Amended General Order 09-16.

The Court also declines to refer a factual discovery dispute to the United States Attorney for the Western District of Washington. If Plaintiff believes a crime has been committed, he may contact the appropriate authorities.

As Plaintiff has not complied with Rule 37 and as the Court will not refer this matter to the United States Attorney for the Western District of Washington for criminal investigation, the Motion (Dkt. 21) is denied.

Dated this 28th day of November, 2017.

David W. Christel
United States Magistrate Judge