# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

PATRICK K GIBSON,

    Plaintiff,

v.

EDITH KROHA,

    Defendant.

CASE NO. 3:17-CV-05187-RBL-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Patrick K. GIbson to United States Magistrate Judge David W. Christel. On July 26, 2019, Plaintiff filed a Motion for Appointment of Counsel ("Motion for Counsel") and a Declaration and Application to Proceed *In Forma Pauperis* ("Application"). Dkt. 62, 63.[1]

After review of the relevant record, the Motion for Counsel (Dkt. 62) is denied without prejudice and Plaintiff's Application (Dkt. 63) is denied as moot.

---

[1] On August 12, 2019, the Ninth Circuit remanded to this Court Plaintiff Patrick Gibson's claim against Defendant Edith Kroha alleging constitutionally inadequate medical care. Dkt. 61, 66.

ORDER - 1

## I. Motion for Counsel (Dkt. 62)

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff seeks Court-appointed counsel because the Ninth Circuit Court of Appeals has recently remanded this case to this Court. Dkt. 62. Plaintiff also asserts he is in poor health and having vision problems and must rely on other individuals to type his documents. *Id*.

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. While the Ninth Circuit has remanded this case, additional dispositive motions will likely be filed regarding qualified immunity. Further, Plaintiff has clearly articulated his claims throughout this case. Therefore, Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court.

1   The Court finds Plaintiff has failed to show the appointment of counsel is appropriate at
2   this time. Accordingly, Plaintiff's Motion for Counsel (Dkt. 62) is denied without prejudice.

**II.      Application to Proceed *In Forma Pauperis* (Dkt. 63)**

Plaintiff filed the Application, which seeks *in forma pauperis* ("IFP") status and filing fee exemptions, to show he is indigent for purposes of appointment of counsel. Dkt. 63. As Plaintiff is not requesting Court action, but merely providing evidence that he cannot afford counsel, the Application (Dkt. 63) is denied as moot. The evidence regarding Plaintiff's indigency, however, remains in the record.

**III.     Conclusion**

For the above stated reasons, Plaintiff's Motion for Counsel (Dkt. 62) is denied without prejudice and Plaintiff's Application (Dkt. 63) is denied as moot.

Dated this 20th day of August, 2019.

_____
David W. Christel
United States Magistrate Judge