UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK K GIBSON,

    Plaintiff,

  v.

EDITH KROHA,

    Defendant.

CASE NO. 3:17-CV-05187-RBL-DWC

ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. On August 12, 2019, the Ninth Circuit remanded to this Court Plaintiff Patrick Gibson's claim against Defendant Edith Kroha alleging constitutionally inadequate medical care. Dkt. 61, 66. Pending before the Court are Plaintiff's Motion to Supplement the Record, Motion for Extension of Time for Discovery Disclosure, and Motion for Summary Judgment, and Defendant's Cross-Motion for Summary Judgment. Dkt. 64, 65, 72, 73.

The Court has reviewed the Motions and relevant record: the Motion to Supplement (Dkt. 64) is granted, the Motion for Extension (Dkt. 72) is granted, and the Motions for Summary Judgment (Dkt. 65, 73) are denied without prejudice and with the right to re-file.

**I. Motion to Supplement (Dkt. 64)**

On July 30, 2019, Plaintiff filed a Motion to Supplement requesting permission to supplement the record with three affidavits from inmates regarding the Clallam Bay Correctional

Center's ("CBCC") medical department's practices surrounding Labor & Industries ("L & I") claims. Dkt. 64. He also seeks to add Department of Corrections ("DOC") Policy 600.020 to the record. *Id*. Defendant filed a response stating the affidavits are unrelated to the claim in this case and should be stricken or disregarded by the Court. Dkt. 74. Defendant stipulates that DOC Policy 600.020 may be added to the record. *Id*.

The Court cannot rely on irrelevant facts when deciding issues in a case. *See Gaub v. Prof'l Hosp. Supply, Inc.*, 845 F. Supp. 2d 1118, 1128 (D. Idaho 2012). However, striking irrelevant evidence from the record would be duplicative of the summary judgment standard. *See Burch v. Regents of University of California,* 433 F.Supp.2d 1110, 1119–20 (E.D. Cal. 2006). Therefore, to ensure Plaintiff is able to fully develop the record, the Court grants Plaintiff's Motion to Supplement (Dkt. 64). The Court notes it will consider only evidence which is material to the allegations in the Complaint in ruling on motions, including any motions for summary judgment.

**II.     Motion for Extension (Dkt. 72)**

On August 20, 2019, the Court entered an Amended Pretrial Scheduling Order directing the parties to complete discovery by November 18, 2019. Dkt. 70. Plaintiff has now filed a Motion for Extension, wherein he requests a sixty-day extension, or until January 18, 2020, to complete discovery. Dkt. 72. Defendant does not oppose this request, but requests all other deadlines be extended sixty days as well. Dkt. 79. Upon consideration of the Motion for Extension and Response, the Motion for Extension (Dkt. 72) is granted. The Court amends the Amended Pretrial Scheduling Order (Dkt. 70) as follows:

- All discovery shall be completed by **January 18, 2020**.
- Any motion to compel discovery shall be filed not later than **January 31, 2020**.

- Any dispositive motions shall be filed and served by **February 18, 2020**. The parties are directed to comply with Local Civil Rule 7, including Rule 7(k).

All other portions of the Amended Pretrial Scheduling Order (Dkt. 70) remain in full force and effect. The Court does not intend to extend these deadlines any further absent extraordinary circumstances.

**III.    Motions for Summary Judgment (Dkt. 65, 73)**

Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment are pending before the Court. Dkt. 65, 73. The potential new discovery may impact the pending Motions for Summary Judgment. Therefore, the pending Motions for Summary Judgment (Dkt. 65, 73) are denied without prejudice with the right to refile.

The parties are not required to refile evidence previously filed in this case. However, the Court intends to consider only the evidence cited to in any motions for summary judgment; thus, the parties must, in any subsequent motion for summary judgment, specifically cite to the evidence on which they rely. *See* Fed. R. Civ. P. 56(c)(3) ("[t]he court need consider only the cited materials ...").

**IV.    Conclusion**

For the above stated reasons, the Motion to Supplement (Dkt. 64) is granted, the Motion for Extension (Dkt. 72) is granted, and the Motions for Summary Judgment (Dkt. 65, 73) are denied without prejudice and with the right to re-file.

Dated this 28th day of October, 2019.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge