UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK K. GIBSON,

        Plaintiff,

v.

EDITH KROHA,

        Defendant.

CASE NO. 3:17-CV-5187-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: March 20, 2020

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Patrick K. Gibson filed a Motion for Injunctive Relief via Motion to Compel ("Motion") on February 4, 2020. Dkt. 84. The Court concludes Plaintiff is seeking injunctive relief against a non-party on a matter unrelated to the allegations raised in the Amended Complaint. Accordingly, the Court recommends the Motion (Dkt. 84) be denied.

**I.    Background**

In the Amended Complaint, Plaintiff, an inmate housed at the Clallam Bay Corrections Center ("CBCC") at all relevant times, alleges Defendant Edith Kroha violated Plaintiff's Eighth

Amendment rights when she delayed in submitting Plaintiff's Labor and Industries("L&I") claim for his work-related injury. Dkt. 14. Plaintiff contends he sustained an umbilical hernia when he lifted a sewing machine while working at CBCC. *Id*. Defendant delayed in submitting the L&I claim after she diagnosed his hernia. *Id*. Because of the delay in submitting the L&I claim, Plaintiff suffered pain and emotional distress. *Id*.[1]

In the Motion, Plaintiff, now housed at Monroe Correctional Complex ("MCC"), alleges he is being denied access to discovery materials he requested through a public records request. Dkt. 84. Plaintiff contends non-party Mike Obenland, the Superintendent of MCC, failed to respond to Plaintiff's request that he be allowed to review the documents sent to Plaintiff at MCC. *Id*. Because non-party Obenland has refused to provide Plaintiff access to his documents, Plaintiff cannot litigate this case. *Id*. Plaintiff requests the Court order non-party Obenland to allow Plaintiff to access his documents. *Id*.

Plaintiff filed the Motion on February 4, 2020. Dkt. 84. On February 18, 2020, Defendant filed a Response to the Motion. Dkt. 85.

**II.    Discussion**

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

---

[1] On August 12, 2019, the Ninth Circuit remanded to this Court Plaintiff's claim against Defendant Edith Kroha alleging constitutionally inadequate medical care. Dkt. 61, 66. Defendant Kroha is the only defendant remaining in this case.

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

The Court finds Plaintiff failed to show he is entitled to injunctive relief because: (A) he seeks an injunction against a non-party; and (B) the request for relief is unrelated to the underlying claim.

A.  Injunction against Non-party

In the Motion, Plaintiff requests the Court enter an order directing non-party Obenland to allow Plaintiff access to his documents. Dkt. 84. Mr. Obenland is not a party to this lawsuit. *See* Dkt. 14; *see also* Dkt. 61, 66. This Court cannot issue an order against an individual who is not a party to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969). As Plaintiff requests the Court order a non-party to act, the Court finds the Motion must be denied.

1     B. <u>Unrelated to Underlying Claim</u>

2     Plaintiff's request for injunctive relief is also unrelated to the underlying claim alleged in

3 the Amended Complaint. Dkt. 84. In a preliminary injunction, it is appropriate to grant

4 "intermediate relief of the same character as that which may be granted finally." *De Beers*

5 *Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th

6 Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the

7 same character and the injunction deals with a matter lying wholly outside the issues in the

8 underlying action. *Id*.

9     In the Amended Complaint, Plaintiff alleges that, while he was housed at CBCC,

10 Defendant Kroha violated his Eighth Amendment rights when she delayed submitting Plaintiff's

11 L&I claim. Dkt. 14. Plaintiff now seeks a Court order directing non-party Obenland, the

12 Superintendent of MCC, to provide Plaintiff with access to his public records request documents.

13 Dkt. 84. The Court finds the allegations and relief requested in the Motion are wholly unrelated

14 to the claim alleged in the Amended Complaint. Therefore, the Court cannot issue the injunctive

15 relief requested. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th

16 Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint,

17 the court does not have the authority to issue an injunction.").

18     **CONCLUSION**

19     Plaintiff's Motion seeks relief against a non-party that is unrelated to the underlying

20 claim pled in the Amended Complaint. Accordingly, the Court recommends the Motion (Dkt. 84)

21 be denied.

1  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
2  Procedure, the parties shall have fourteen (14) days from service of this Report to file written
3  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
4  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time
5  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on March
6  20, 2020, as noted in the caption.

7  Dated this 3rd day of March, 2020.

David W. Christel
United States Magistrate Judge