1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

PATRICK K. GIBSON,

                    Plaintiff,

CASE NO. 3:17-CV-5187-RBL-DWC

11

    v.

ORDER GRANTING MOTION TO
SUPPLEMENT

12
13

EDITH KROHA,

14

                    Defendant.

15        This is a civil rights action brought pursuant to 42 U.S.C. § 1983. On August 12, 2019,

16  the Ninth Circuit remanded to this Court Plaintiff Patrick Gibson's claim against Defendant

17  Edith Kroha alleging constitutionally inadequate medical care. Dkt. 61, 66. Pending before the

18  Court is Plaintiff's Motion to Supplement the Record. Dkt. 88.[1]

19        On February 25, 2020, Plaintiff filed the Motion requesting permission to supplement the

20  record with medical request and accident report forms arising from an unrelated injury. Dkt. 88.

21
22
23

---

[1] Also pending before the Court is Defendant's Motion for Summary Judgment, which is ready for the
24  Court's consideration on April 17, 2020. Dkt. 87.

Defendant filed a Response requesting the Court deny the Motion because the documents Plaintiff seeks to include in the record are unrelated to the claim in this case. Dkt. 92.

The Court cannot rely on irrelevant facts when deciding issues in a case. *See Gaub v. Prof'l Hosp. Supply, Inc.*, 845 F. Supp. 2d 1118, 1128 (D. Idaho 2012). However, striking irrelevant evidence from the record would be duplicative of the summary judgment standard. *See Burch v. Regents of University of California*, 433 F.Supp.2d 1110, 1119–20 (E.D. Cal. 2006). Therefore, to ensure Plaintiff is able to fully develop the record, the Court grants Plaintiff's Motion to Supplement (Dkt. 88). However, as the Court has previously explained, the Court will consider only evidence which is material to the allegations in the Complaint in ruling on motions, including any motions for summary judgment.

Dated this 1st day of April, 2020.

David W. Christel
United States Magistrate Judge