UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK K. GIBSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EDITH KROHA,<br><br>　　　　　Defendant. | CASE NO. 3:17-CV-5187-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 26, 2020 |

　　　　The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendant Edith Kroha's Motion for Summary Judgment. Dkt. 87.

　　　　After reviewing the relevant record, the Court finds, viewing the evidence in the light most favorable to Plaintiff Patrick K. Gibson, there is no clearly established law that a prison official cannot delay submitting paperwork for surgery for a reducible hernia not known by the prison official to require additional treatment. . Therefore, Defendant Kroha is entitled to qualified immunity. Accordingly, the Court recommends Defendant Kroha's Motion for Summary Judgment (Dkt. 87) be granted and this case be closed.

## I. Background

Plaintiff, an inmate housed at the Clallam Bay Corrections Center ("CBCC") at all relevant times, alleges Defendant Kroha violated his Eighth Amendment rights when she delayed in submitting Plaintiff's Washington State Department of Labor and Industries ("L&I") claim for his work-related injury. Dkt. 14. Plaintiff contends he sustained an umbilical hernia when he lifted a sewing machine while working at CBCC. *Id*. Defendant Kroha delayed in submitting the L&I claim after she diagnosed his hernia. *Id*. Because of the delay in submitting the L&I claim, Plaintiff suffered pain and emotional distress. *Id*.

On March 29, 2018, this Court recommended Plaintiff's claims be dismissed. Dkt. 43. The Honorable Ronald B. Leighton, the District Judge assigned to this case, adopted the report and recommendation, dismissed Plaintiff's claims, and closed this case. Plaintiff appealed the decision to the Ninth Circuit Court of Appeals. Dkt. 54. On August 12, 2019, the Ninth Circuit remanded to this Court Plaintiff's claim against Defendant Kroha alleging constitutionally inadequate medical care. Dkt. 61, 66. The Ninth Circuit affirmed dismissal of all other claims and defendants. The Ninth Circuit found, in relevant part,

> The district court erred in granting summary judgment on Gibson's deliberate indifference claim against defendant Kroha arising from the delay in Gibson's medical treatment. The district court concluded that Kroha lacked the requisite intent to delay Gibson's treatment based in part on Kroha's assertion that in June 2015 she completed a report-of-accident form and placed it in Gibson's file. However, Gibson offered evidence suggesting that Kroha did not complete this form, which has never been accounted for or located, and that months later Gibson obtained a blank report-of-accident form from his supervisor that Gibson ultimately submitted to the Department of Labor and Industries. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment"). Because there is a genuine dispute of material fact as to whether Kroha intentionally delayed Gibson's medical treatment, we reverse the judgment on this claim only and remand for further proceedings. The district court did not address whether Kroha was entitled to qualified immunity, and we express no opinion on that subject.

Dkt. 61, p. 3. Thus, the only remaining claim in this case is whether Defendant Kroha acted with deliberate indifference when she allegedly delayed in submitting the L&I form. *See id.*; Dkt. 14.

On February 18, 2020, Defendant Kroha filed a Motion for Summary Judgment. Dkt. 87. Plaintiff filed his Response to the Motion on March 4, 2020. Dkt. 93. Defendant Kroha filed her Reply on April 17, 2020. Dkt. 96.

**II.    Standard of Review**

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**III.   Discussion**

Defendant Kroha alleges she is entitled to qualified immunity and, thus, the remaining claim against her must be dismissed. Dkt. 87.

A. <u>Legal Standard</u>

"[G]overnment officials performing discretionary functions [are entitled to] a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (citations omitted). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). To prevail, Plaintiff must show that (1) he suffered a deprivation of a constitutional or statutory right; and (2) that such right was clearly established at the time of the alleged misconduct. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). The Court may decide which step of the analysis to consider first, *Pearson*, 555 U.S. at 236, as "[f]ailing at either one will negate [Plaintiff's] eligibility to recover damages." *Hamby*, 821 F.3d at 1090.

B. <u>Constitutional Violation</u>

As the Court finds there is no clearly established law which would place Defendant Kroha on notice that her actions violated a constitutional right, *see infra*, Section III.C., the Court declines to consider the first prong of the qualified immunity test.

C. <u>Clearly Established Law</u>

Under the second prong of qualified immunity, the Court must determine "whether the right at issue was clearly established such that a reasonable officer would have understood his actions were unlawful." *Hughes v. Kisela*, 841 F.3d 1081, 1088 (9th Cir. 2016). While the Supreme Court's case law "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond

1  debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (internal citations omitted). "Clearly

2  established law" should not be defined at a high level of generality; it must be "particularized" to

3  the facts of the case. *See id.*; *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011); *Anderson*, 483 U.S.

4  at 640. To determine "clearly established law," the Court should first look to binding precedent.

5  *Chappell v. Mandeville*, 706 F.3d 1052, 1056 (9th Cir. 2013). "Absent binding precedent, [the

6  Court] look[s] to all available decisional law, including the law of other circuits and district

7  courts, to determine whether the right was clearly established." *Osolinski v. Kane*, 92 F.3d 934,

8  936 (9th Cir. 1996); *see Elder v. Holloway*, 510 U.S. 510, 516 (1994) (the Court should consider

9  all relevant precedents); *Dunn v. Castro*, 621 F.3d 1196, 1203 (9th Cir. 2010) ("In determining

10 whether a right is clearly established, we may also look to precedent from other circuits.").

11     "The general law regarding the medical treatment of prisoners was clearly established at

12 the time of the incident." *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002). Further, it was

13 clearly established that prison employees cannot intentionally deny or delay access to medical

14 care. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Hutchinson*, 838 F.2d at 394. As the

15 Ninth Circuit found, the issue in this case is whether Defendant Kroha intentionally delayed

16 Plaintiff's medical treatment for hernia surgery. Dkt. 61, p. 2. There is evidence showing

17 Defendant Kroha knew the L&I paperwork was necessary for Plaintiff to receive hernia surgery,

18 yet failed to complete the necessary L&I form for Plaintiff to receive treatment. *See id*.

19 Therefore, if the Court were to apply a more generalized approach to the "clearly established"

20 prong, the Court could find a reasonable prison official would have known the failure to

21 complete the L&I paperwork, resulting in a delay in hernia surgery, was not appropriate.

22 However, the Court cannot take a more generalized approach and must look to the particularized

23 facts of this case.

24

1          In this case, the evidence shows, on June 3, 2015, Defendant Kroha treated Plaintiff for a
2   workplace injury. Dkt. 27, Kroha Dec., ¶ 5. Defendant Kroha diagnosed an umbilical hernia.
3   Dkt. 27, Kroha Dec., ¶ 5; Dkt. 27, p. 11. Plaintiff did not report pain and he did not appear to be
4   in distress. Dkt. 27, Kroha Dec., ¶ 5; Dkt. 27, p. 11; *see also* Dkt. 39, Gibson Dec., ¶¶ 8-9
5   (discussing his medical encounter with Defendant Kroha). Defendant Kroha determined the
6   hernia was reducible and unincarcerated.[1] Dkt. 27, Kroha Dec., ¶ 5; Dkt. 27, p. 11. Defendant
7   Kroha's plan for treatment was to submit the information to L&I and she informed Plaintiff to
8   return to the medical department if the hernia became larger, he had nausea or vomiting, or he
9   was unable to reduce the hernia. Dkt. 27, Kroha Dec., ¶ 5. She also directed Plaintiff to lift no
10  more than ten pounds. *Id.*; Dkt. 27, p. 11.

11         Defendant Kroha did not have any additional encounters with Plaintiff in the health care
12  unit for the rest of 2015. Dkt. 27, Kroha Dec., ¶ 7; *see also* Dkt. 39, Gibson Dec., ¶¶ 13, 30
13  (indicating Plaintiff did not request treatment for his hernia injury from the medical department).
14  The evidence does show Plaintiff submitted a health services request form ("kite") on December
15  19, 2015, requesting hernia surgery and complaining of pain caused by his hernia. Dkt. 40-2, p.
16  14. Non-party J. Peterson responded to the kite. *Id.* Plaintiff sent a second kite on February 13,
17  2016 regarding his L&I claim. *Id.* at p. 15. There is no indication Defendant Kroha was made
18  aware of Plaintiff's request for hernia surgery and complaints of pain in December 2015 or
19  February 2016. *See* Dkt. 93, p. 7 ("Neither Kite was routed to [Defendant] Kroha."). On January
20  28, 2016, nearly eight months after diagnosing Plaintiff with a hernia and stating she would

---

24  [1] An unincarcerated umbilical hernia is a hernia that does not get caught (incarcerated) or get strangulated (incarceration interfering with blood flow). *See* Dkt. 28, Fetroe Dec., ¶ 8.

submit the L&I claim, Defendant Kroha submitted the L&I paperwork. *See* Dkt. 39, Gibson Dec., ¶ 17.

On March 8, 2016, after Plaintiff's L&I claim was accepted, Defendant Kroha examined Plaintiff regarding his hernia. Dkt. 27, Kroha Dec., ¶ 12. At that time, Plaintiff complained of pain at times and blood in his stools during the previous two months. *Id.*; Dkt. 28, Fetroe Dec., ¶ 8. Plaintiff's blood tests were normal, his hernia was self-reducible, and he did not demonstrate he was in pain or demonstrate signs of distress. Dkt. 27, Kroha Dec., ¶ 12; Dkt. 28, Fetroe Dec., ¶ 8.

The evidence fails to show the delay worsened Plaintiff's condition. Plaintiff's hernia was reducible and unincarcerated in June 2015 and March 2016. *See* Dkt. 27, Kroha Dec., ¶¶ 5, 12, pp. 11, 14; Dkt. 28, Fetroe Dec., ¶ 8. In June 2016, non-party Dr. Charles Bundy found Plaintiff had an incarcerated hernia and surgery was necessary. *See* Dkt. 40-2, pp. 3-4. The undisputed evidence shows Plaintiff's hernia did not become incarcerated until sometime after March 2016. Thus, there is no evidence the delay in submitting the L&I paperwork from June 2015 until January 2016 worsened Plaintiff's condition.[2]

The Court finds case law existing in the Ninth Circuit and other circuits demonstrates delay in surgical treatment for a reducible hernia is not indisputably unconstitutional. In fact, there are many cases, both reported and unreported, holding that prison medical personnel did not violate the Eighth Amendment even though they denied surgical treatment to an inmate with

---

[2] Plaintiff submitted a declaration stating that he believes his hernia was incarcerated from June 2015 through July 2016 because the hernia was in the same condition the entire time. Dkt. 89, Gibson Dec. Plaintiff may not testify as a medical expert. *See Fellows v. Baca*, 2013 WL 12238537, at *10 (C.D. Cal. June 27, 2013); Fed. R. Evid. 701, 702. Further, the medical records do not support this assertion. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007). Thus, Plaintiff's opinion that his hernia was always incarcerated does not create a genuine issue of material fact.

1  a reducible hernia. *See e.g.*, *Hamby*, 821 F.3d at 1094 (finding no constitutional violation where
2  the prisoner was not provided with hernia surgery and was monitored and provided with a hernia
3  belt, medications, and instructions for behavioral modifications); *Johnson v. Doughty,* 433 F.3d
4  1001, 1003–04, 1013–14 (7th Cir. 2006) (holding prison medical personnel did not act with
5  deliberate indifference when they opted for non-surgical treatment—a hernia belt, Tylenol,
6  Metamucil, and monitoring—in response to prisoner's reducible inguinal hernia); *Brown v.*
7  *Beard*, 445 Fed. App'x. 453, 455–56 (3rd Cir. 2011) (per curiam) (holding prison medical
8  personnel did not violate Eighth Amendment when they refused to authorize surgery for
9  prisoner's reducible hernia, instead prescribing pain medication and abdominal belt, plus
10 monitoring, despite another doctor's opinion that surgery was warranted). In *Price v. Carey*,
11 1992 WL 34209 (4th Cir. Feb. 26, 1992), the Fourth Circuit found no deliberate indifference
12 when there was an eight-month delay in providing elective hernia surgery as the prisoner did not
13 present any information to his physician during the intervening period to indicate that his
14 situation was mandating immediate treatment. *See Price*, 1992 WL 34208, at *4; *see also Webb*
15 *v. Hamidullah*, 281 F. App'x 159, 167 (4th Cir. 2008). Moreover, the Ninth Circuit has held
16 "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical
17 indifference." *Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985).
18 Plaintiff does not cite, nor does the Court find, any cases that discuss deliberate indifference
19 surrounding a delay in submitting L&I paperwork.
20     The cases detailed above—combined with a lack of overwhelming contrary authority—
21 are dispositive for purposes of determining qualified immunity. The cases demonstrate existing
22 precedent does not "place[ ] beyond debate the unconstitutionality of" the delay of treatment
23 provided by Defendant Kroha in this case. *Hamby*, 821 F.3d at 1094 (internal citations omitted).
24

During the time period relevant to the Amended Complaint, it was not clearly established Defendant Kroha's conduct in delaying the submission of an L&I claim for Plaintiff's reducible hernia constituted a constitutional violation. Importantly, Plaintiff did not seek additional treatment for his hernia during the delay in submitting the L&I paperwork. Thus, there is no evidence Defendant Kroha was aware Plaintiff's hernia required additional treatment. The parties do not cite to, nor does the Court find, any precedent establishing that Defendant Kroha's conduct, viewing the evidence in the light most favorable to Plaintiff, was unreasonable "beyond debate." *White*, 137 S. Ct. at 551. For this reason, Defendant Kroha did not violate a "clearly established" right and is entitled to qualified immunity.

D.  Conclusion

Viewing the evidence in the light most favorable to Plaintiff, the undersigned finds that it was not clearly established that a prison official cannot delay submitting paperwork for surgery for a reducible hernia that was not known by the prison official to require additional treatment. Thus, Defendant Kroha is entitled to qualified immunity.

**IV.  Conclusion**

For the above stated reasons, the Court finds Defendant Kroha is entitled to qualified immunity. Therefore, the Court recommends Defendant Kroha's Motion for Summary Judgment (Dkt. 87) be granted and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June
2 | 26, 2020, as noted in the caption.
3 |     Dated this 9th day of June, 2020.

*[Signature]*

David W. Christel
United States Magistrate Judge